

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00123-CV

_____

IN RE:
MICHAEL KENNEDY

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Michael Kennedy filed a petition for writ of mandamus with the Twelfth Court of Appeals. By order of the Texas Supreme Court, that mandamus has been transferred to this Court for decision.

In his petition, Kennedy asks this Court to issue an order directing a trial court clerk and the deputy clerk of the Twelfth Court of Appeals to file his notices of appeal and asks that the deputy clerk to "deny not to file other motions" and to "stop using case number 12-08-00246-CR when case is 12-10-00297-CR."

As best we are able to discern from the petition, Kennedy complains that his notice of appeal in trial court cause number 4-41298, styled *Michael Kennedy v. Texas Court of Criminal Appeals, et al.*, was rejected for filing in the trial court and in the Twelfth Court of Appeals. It also appears that Kennedy complains that a series of motions were rejected for filing by the Tyler deputy clerk in two specified cause numbers because it is alleged that the deputy clerk mistakenly referenced the wrong cause number. Attached to Kennedy's petition are copies of two notices of appeal of trial court cause number 4-41298. Also attached is a letter from the Anderson County District Clerk indicating that this matter was dismissed by order of the trial court on September 28, 2010. Finally, Kennedy has attached to the petition a letter from the Tyler deputy clerk indicating that a mandate issued in Kennedy's appeal in cause number 12-08-00246-CR on April 30, 2010.

The mandamus jurisdiction of this Court is limited by statute. We have jurisdiction to

2

issue a writ of mandamus against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004). As we are sitting in the place of the Twelfth Court of Appeals, our jurisdiction in the instant case provides us with authority to issue mandamus to a judge of a district or county court within the territorial bounds of the Twelfth Appellate District.

Here, it does not appear that relief has been sought against any individual over whom we have general mandamus authority. Accordingly, we have no jurisdiction to provide the relief requested.[1]

We deny the petition for issuance of writ of mandamus.


Jack Carter<br>
Justice

Date Submitted:    December 1, 2010
Date Decided:    December 2, 2010

---

[1]Even if we were to construe Kennedy's petition as seeking relief against the trial court, which has not clearly been requested, we have not been provided with a sufficient record or argument to determine the merit of such a request. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).